UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FELICIA SHELTON et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:10-CV-02146 |
| ) | |
| VILLAGE OF BEL NOR et al, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER
ON DEFENDANTS' MOTION TO DISMISS**

Presently before the Court is a joint Motion to Dismiss and for a More Definite Statement filed by Walt Nelson ("Nelson"), Scott Ford ("Ford"), and Richard Tate ("Tate"), collectively ("Defendants"). [Doc. 11]; [Doc. 20]. Defendants filed a memorandum in support of the Motion to Dismiss. [Doc. 12]. Felicia Shelton ("Shelton"), John Bernsen ("Bernsen"), and Bryan Hughes ("Hughes"), collectively ("Plaintiffs"), filed a memorandum in opposition to Defendants motion. [Doc. 21]. Having fully considered the arguments set forth by the parties, the Court grants Defendants' Motion to Dismiss in part and denies the motion in part. Defendants' Motion for a More Definite Statement is denied.

**Discussion**

On November 16, 2010, Plaintiffs filed a thirteen count complaint against Defendants and the Village of Bel Nor alleging claims under Title VII, 42 U.S.C. § 1983, the Missouri Human Rights Act ("MHRA"), and Missouri public policy.[1] The allegations stem from Plaintiffs' termination from the Village of Bel Nor police department. The complaint alleges claims against

---

[1] The Village of Bel Nor filed a separate motion to dismiss. Therefore, the Village of Bel Nor is not the subject of this Memorandum and Order.

Defendants in their capacities as individuals and in their official capacities. The complaint also asserts claims against the Village of Bel Nor. Defendants seek to dismiss Counts I, II, IV, V, VI, VII, VIII, IX, X, XI, XII and XIII.[2] Defendants also request that the Court order Plaintiffs to file a more definite statement of the claims in the complaint.

**A.     Motion To Dismiss**

In reviewing a motion to dismiss, this court must accept the allegations in the Plaintiffs' complaint as true and "the Court must construe the allegations in the complaint and reasonable inferences arising from the complaint favorably to the plaintiffs." *Knapp v. Hanson*, 183 F.3d 786, 788 (8th Cir. 1999). The Court will dismiss the case only if it appears beyond doubt that the Plaintiffs can prove no set of facts that would entitle them to relief. *In re Gen. Am. Life Ins. Co. Sales Practices Litigation*, 391 F.3d 907, 911 (8th Cir. 2004).

In Count I, Shelton alleges Title VII and MHRA claims based upon race and gender discrimination against all Defendants. Defendants claim the Title VII claims in Count I should be dismissed because Defendants were not Shelton's employer as a matter of law. Plaintiffs concede that there can be no individual liability under Title VII. *See Ackel v. National Commcn's Inc.*, 339 F.3d 376, 382 n. 1 (5th Cir. 2003) ("Individuals are not liable under Title VII in either their individual or official capacities."). Therefore, all Title VII claims asserted against Defendants in their official capacities and individual capacities are dismissed.

Defendants also argue that official immunity bars the MHRA claims in Count I against them in their official capacities. In Missouri, "[a]n employee or officer of the state may be insulated from

---

[2] The complaint mistakenly numbers two different counts in the complaint as Count XII. The court will consider the second count numbered as Count XII (Failure to Instruct, Train, Supervise, Discipline, and Negligent Retention) as Count XIII.

2

liability by 'official immunity' which precludes tort claims arising from discretionary acts or functions of public officials engaged in the performance of their official duties." *Cottey v. Schmitter*, 24 S.W.3d 126, 129 n. 2 (Mo. App. W.D. 2000) (citing *State ex rel. Trimble v. Ryan*, 745 S.W.2d 672, 675 (Mo. banc 1988)). Under Missouri law, official immunity is an affirmative defense. *Richardson v. City of St. Louis*, 293 S.W.3d 133, 139 (Mo. App. E.D. 2009). "[D]ismissal based on an affirmative defense may be appropriate if the [complaint] clearly establishes 'on its face and without exception' that the claim is barred. *Id*. (quoting *Sheehan v. Sheehan*, 901 S.W.2d 57, 59 (Mo. banc 1995)). Therefore, in order to be entitled to dismissal on the basis of official immunity, Defendants must show that the complaint "clearly establishes 'on its face and without exception'" that Plaintiffs' MHRA claims are barred. *See Richardson*, 293 S.W.3d 133 at 139.

Missouri state courts have not specifically addressed whether official immunity bars MHRA claims against individual defendants in their official capacities. The sole District Court case from this District to address this issue found that official immunity could not be asserted as a defense to MHRA claims. *See Duckworth v. St. Louis Metro. Police Dept.*, No. 4:03CV1696, 2006 WL 2475027, at *9 (E.D. Mo. 2006) (not reported) *rev'd on other grounds*, 491 F.3d 401 (8th Cir. 2007). However, when the District Court's decision in *Duckworth* was appealed to the Eighth Circuit, the official immunity issue was not presented on appeal; therefore, the Eighth Circuit did not address the propriety of the District Court's decision on the official immunity issue. *See Duckworth v. St. Louis Metro. Police Dept.*, 491 F.3d 401 (8th Cir. 2007). The Eighth Circuit has not since weighed in on the issue of whether official immunity may be raised as a defense to MHRA claims. Therefore, no Eighth Circuit or Missouri state court precedent exists on the issue of whether official

3

immunity may be asserted as a defense to MHRA claims and the issue remains open and unresolved.

Because it is not clear whether the defense of official immunity is even available for Defendants to assert against Plaintiffs' MHRA claims, it is impossible for the Court to find that the complaint "clearly establishes 'on its face without exception'" that Defendants are entitled to official immunity and Plaintiffs' MHRA claims are barred. *See Richardson*, 293 S.W.3d 133 at 139 (quoting *Sheehan*, 901 S.W.2d at 59). Therefore, the Motion to Dismiss Count I on the grounds of official immunity is denied.

In Count II, Shelton alleges that Defendants violated 42 U.S.C. § 1983 "in that they have denied Shelton of her rights secured by Title VII of the Civil Rights Act of 1964, as well as equal protection of the law as secured by the Fourteenth Amendment to the United States Constitution." The Court views Count II as alleging two separate claims, one § 1983 claim based on alleged Title VII violations, and one § 1983 claim based on alleged equal protection violations. Defendants argue that Shelton's § 1983 claim that is based on alleged Title VII violations is preempted by Title VII. The Court agrees.

"[§] 1983 establishes no substantive rights; it is merely a vehicle for seeking a federal remedy for violations of federally protected rights." *Foster v. Wyrick*, 823 F.2d 218, 221 (8th Cir. 1987) (citing *Irby v. Sullivan*, 737 F.2d 1418, 1427-28 (5th Cir. 1984)). "Substantive rights created by the United States Constitution or by federal statutes may generally be asserted in a § 1983 action." *Foster*, 823 F.2d at 221. The Supreme Court has recognized two exceptions to the application of § 1983 to statutory violations. *Id*. (citing *Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 19, (1981)). First, § 1983 is not available as a remedy for

violations of a statute unless the statute creates a right secured by the laws of the United States within the meaning of § 1983. *Foster*, 823 F.2d at 221 (citing *Middlesex*, 453 U.S. at 19). Second, § 1983 does not afford a remedy where the governing statute provides an exclusive remedy for violations of its terms. *Foster*, 823 F.2d at 221 (citing *Pennhurst State School and Hosp. v. Halderman*, 451 U.S. 1, 28 (1981); *Irby*, 737 F.2d at 1428).

In *Foster*, the Eighth circuit noted that "Title VII provides a comprehensive remedial system for the enforcement of rights created by Title VII." *Foster*, 823 F.2d at 221. The court went on to hold that a Title VII disparate impact claim may not be asserted in a § 1983 action. *Id.* at 222. *Foster* relied on *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 378 (1979), in which the Supreme Court determined that § 1985(3), the conspiracy counterpart to § 1983, may not be invoked to allege a Title VII retaliatory discharge claim. The *Foster* court determined that that the same rationale which bars a § 1985 action based on a Title VII retaliatory discharge claim was applicable to a Title VII disparate impact claim. *Foster*, 823 F.2d at 221. This Court will not depart from this rationale. Therefore, to the extent that Count II of the complaint relies on a Title VII violation to assert § 1983 liability, Count II is dismissed.

Count II also alleges § 1983 liability on the basis of an equal protection violation. Equal protection is a right guaranteed by the Fourteenth Amendment of the United States Constitution. As stated above, "[s]ubstantive rights created by the United States Constitution or by federal statutes may generally be asserted in a § 1983 action." *Foster*, 823 F.2d at 221. Therefore, Shelton's Count II claim of § 1983 liability on the basis of an equal protection violation survives.

In Count IV, Shelton alleges that Defendants subjected her to a hostile work environment in violation of Title VII and the MHRA. The court views Count IV as asserting two separate claims,

one claim alleging hostile work environment in violation of Title VII, and one claim alleging a hostile work environment in violation of the MHRA. Defendants argue that the Title VII hostile work environment claim should be dismissed because the individual defendants were not Shelton's employer as a matter of law. As discussed above, Plaintiffs concede that there can be no individual liability under Title VII. Therefore, the Title VII hostile work environment claim in Count IV is dismissed against Defendants in their individual and official capacities.

Defendants also argue that the MHRA hostile work environment claim in Count IV should be dismissed against them in their individual capacities because it is barred by official immunity. As discussed in Count I, official immunity will not serve as a basis for dismissal of Shelton's MHRA claim. *See* Count I discussion, *supra*. Therefore, the MHRA hostile work environment claim in Count IV is not dismissed.

In Counts V, VI, and IX, Shelton (Count V), Bernsen (Count VI), and Hughes (Count IX) claim that Defendants retaliated against them in violation of Title VII and the MHRA. The court views Count V, VI, and IX as asserting two separate claims each, one claim alleging retaliation in violation of Title VII, and one claim alleging retaliation in violation of the MHRA. Defendants argue that the Title VII retaliation claims should be dismissed because the individual defendants were not Plaintiff's employer as a matter of law. As discussed above, Plaintiffs concede that there can be no individual liability under Title VII. Therefore, the Title VII retaliation claims in Counts V, VI, and IX are dismissed against Defendants in their individual and official capacities.

Defendants also argue that the MHRA retaliation claims in Counts V, VI, and IX should be dismissed against them in their individual capacities because the claims are barred by official immunity. Official immunity will not serve as a basis for dismissal of Plaintiffs' MHRA claims.

6

*See* Count I discussion, *supra*. Therefore, the MHRA retaliation claims in Count V, VI, and IX survive.

In Counts VII, VIII, X, and XI, Bernsen and Hughes allege claims of wrongful discharge in violation of Missouri public policy. The Eighth Circuit has concluded that "Missouri law allows a former employee to maintain a public-policy wrongful discharge cause of action *only against a former employer*." *Taylor v. St. Louis Cnty. Bd. of Election Comm'rs*, 625 F.3d 1025, 1027 (8th Cir. 2010) (emphasis added). While the Missouri Supreme Court has not yet clarified who is considered an employer for purposes of state wrongful discharge claims, the *Taylor* court noted that other courts interpreting Missouri law have "refused to consider individuals who merely supervise an employee as employers for the purpose of wrongful-discharge claims." *Taylor*, 625 F.3d at 1029 n.3 (citing *Irvine v. City of Pleasant Valley*, No. 09-cv-0682, 2010 WL 1611030, at \*3 (W.D. Mo. Apr. 21, 2010); *Criswell v. City of O'Fallon*, No. 06-cv-01565, (E.D. Mo. Jun. 15, 2007)).

In *Criswell*, a District Court faced the same issue presented here. There, the plaintiff brought state law wrongful termination claims against individual defendants who were the plaintiff's immediate supervisors. *Criswell*, at \*6. The court dismissed the wrongful termination claims against the individual defendants, finding that "[t]he case law is clear that not even a supervisor is an 'employer' for purposes of a wrongful termination action." *Id*. This Court sees no reason to depart from this District's and the Eighth Circuit's precedent on this issue. Therefore, Counts VII, VIII, X, and XI are dismissed against Defendants in their official and individual capacities.

In Count XII, Plaintiffs allege Defendants engaged in a "conspiracy to violate Plaintiff's statutory and constitutional rights cognizable under 42 U.S.C. § 1983." Defendants argue that Count XII should be dismissed against them in their individual capacities because it is barred by official

7

immunity. Defendants also argue Count XII should be dismissed against them in their individual and official capacities because it is preempted by Title VII.

With regard to the official immunity argument, the court notes that Plaintiffs' conspiracy claim is based on federal law. Therefore, the elements of, and the defenses to this cause of action are defined by federal law. *Howlett v. Rose*, 496 U.S. 356, 376 (1990). § 1983 does not permit a state law immunity defense to prevent its application. *See Haywood v. Drown*, 129 S.Ct. 2108, 2135 (2009) (Thomas, J., dissenting) ("Howlett instead stands for the unremarkable proposition that States may not add immunity defenses to § 1983."). As explained by the Supreme Court in *Martinez v. California*, 444 U.S. 277 (1980):

> Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 or § 1985(3) cannot be immunized by state law. A construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise; and the supremacy clause of the Constitution insures that the proper construction may be enforced . . .

*Id*. at 284, n.8 (internal citations omitted). Therefore, Defendants' argument that state law official immunity bars Count XII against them in their capacities as individuals must fail.

Defendants also argue that Plaintiffs § 1983 claims based on violations of Title VII are preempted by Title VII. The Court agrees. *See* Count II discussion, *supra*. Therefore, the § 1983 claims based on Title VII violations in Count XII are dismissed. Defendants do not seek to dismiss the claims in Count XII that are based on based on equal protection and 42 U.S.C. § 1981. Therefore, the claims in Count XII based on equal protection and 42 U.S.C. 1981 survive.

In Count XIII, all of the plaintiffs bring § 1983 claims against defendant Nelson for failure to train, supervise, control, discipline, and negligent retention. Nelson argues that Count XIII should be dismissed to the extent that it relies on Title VII violations. For the reasons discussed in Count

II, the Court agrees that Count XIII should be dismissed to the extent that it relies on alleged Title VII violations. *See* Count II discussion, *supra*.

**B.      Motion for More Definite Statement**

Defendants contend that Plaintiffs should be ordered to file a more definite statement of their claims pursuant to rule 12(e) of the Federal Rules of Civil Procedure. The Court disagrees. Rule 12(e) provides in pertinent part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

Fed. R. Civ. P. 12(e). A motion for a more definite statement is proper "when a party is unable to determine the issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable." *Tinder v. Lewis County Nursing Home Dist.*, 207 F.Supp.2d 951, 959 (E.D. Mo. 2001) (internal citation omitted). "However, due to liberal notice pleading and the availability of extensive discovery, motions for more definite statement are universally disfavored." *Id.* "Rule 12(e) provides a remedy for unintelligible pleadings; it is not intended to correct a claimed lack of detail." *Resolution Trust Corp. v. Gershman*, 829 F.Supp. 1095, 1103 (E.D. Mo. 1993).

Here, although each count in the complaint combines several different claims against multiple defendants, the Court finds that the complaint is drafted in a manner that is sufficient for Defendants to form a response. The Court is completely aware of the nature and complexity of the claims presented in this case. However, Defendants' own motion to dismiss belies their argument that it is impossible for them to distinguish which of Plaintiffs' claims apply to each Defendant and

on what basis those claims apply. Defendants, in their motion to dismiss, were able to produce a detailed and comprehensive response to each of the claims in the complaint which Defendants sought to dismiss. The motion to dismiss even included a chart which provides a thorough breakdown of which plaintiff brought which claims and against which defendant. *See* Doc. 12 at 2-3. Therefore, it appears to the Court that the complaint is not so vague or ambiguous that Defendants cannot reasonably prepare a response. *See* Fed. R. Civ. P. 12(e). Defendants' Motion for a More Definite Statement is therefore denied.

## Conclusion

Based on the above analysis, the Court finds that Defendants' Motion to Dismiss shall be granted in part and denied in part.

In Count I, the Motion to Dismiss the Title VII claims is granted; the motion is denied as to the MHRA claims. In Count II, the Motion to Dismiss the § 1983 claims based on Title VII violations is granted; the motion is denied as to § 1983 claims based on equal protection. In Count IV, the Motion to Dismiss is granted as to the Title VII hostile work environment claims; the motion is denied for the MHRA hostile work environment claims. In Counts V, VI, and IX, the Motion to Dismiss is granted as to the Title VII retaliation claims; the motion is denied as to the MHRA retaliation claims. The Motion to Dismiss Counts VII, VIII, X, and XI is granted. As to Count XIII, the Motion to Dismiss is granted as to the § 1983 claims that are based on Title VII violations. Defendants' Motion for a More Definite Statement is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED** in part and **DENIED** in part. [Doc. 11]; [Doc. 20].

**IT IS FURTHER ORDERED** that Defendants' Motion for a More Definite Statement is **DENIED**.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of July, 2011.