# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **FELICIA SHELTON et al,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
|     vs. | )    Case No. 4:10-CV-02146 |
| | ) |
| **VILLAGE OF BEL NOR et al,** | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM AND ORDER
## ON DEFENDANT'S MOTION TO DISMISS

Presently before the Court is a Motion to Dismiss and for a More Definite Statement **[Doc. 13]** filed by Defendant Village of Bel Nor ("Bel Nor"). Bel Nor filed a memorandum in support of the Motion to Dismiss **[Doc. 14]**. John Bernsen, Bryan Hughes, and Felecia Shelton (collectively "Plaintiffs") filed a memorandum in opposition to Bel Nor's motion. **[Doc. 21]**. Bel Nor filed a reply. **[Doc. 24]**. Having fully considered the arguments set forth by each party, the Court grants Bel Nor's motion to dismiss in part and denies the motion in part. Bel Nor's Motion for a More Definite Statement is denied.

### Discussion

On November 16, 2010, Plaintiffs filed a thirteen count complaint against Bel Nor and three individual defendants in their capacities as individuals and in their official capacities.[1] The complaint alleges claims under Title VII, 42 U.S.C. § 1983, the Missouri Human Rights Act ("MHRA"), and Missouri public policy. The allegations stem from Plaintiffs' termination from the Village of Bel Nor police department. Bel Nor seeks to dismiss Counts II, VII, VIII, X, XI, and

---

[1] The individual defendants filed a separate joint motion to dismiss. Therefore, the individual defendants are not the subject of this Memorandum and Order.

XIII.[2] Bel Nor also requests that the Court order Plaintiffs to file a more definite statement of the claims in the complaint.

### A. Motion to Dismiss

In reviewing a motion to dismiss, this court must accept the allegations in the Plaintiffs' complaint as true and "the Court must construe the allegations in the complaint and reasonable inferences arising from the complaint favorably to the plaintiffs." *Knapp v. Hanson*, 183 F.3d 786, 788 (8th Cir. 1999). The Court will dismiss the case only if it appears beyond doubt that the plaintiffs can prove no set of facts that would entitle them to relief. *In re Gen. Am. Life Ins. Co. Sales Practices Litigation*, 391 F.3d 907, 911 (8th Cir. 2004).

In Count II, Shelton alleges that Bel Nor violated 42 U.S.C. § 1983 "in that they have denied Shelton of her rights secured by Title VII of the Civil Rights Act of 1964, as well as equal protection of the law as secured by the Fourteenth Amendment to the United States Constitution." The Court views Count II as alleging two separate claims, one § 1983 claim based on alleged Title VII violations, and one § 1983 claim based on alleged equal protection violations. Bel Nor argues that Shelton's § 1983 claim that is based on alleged Title VII violations is preempted by Title VII and should be dismissed. The Court agrees.

"[§] 1983 establishes no substantive rights; it is merely a vehicle for seeking a federal remedy for violations of federally protected rights." *Foster v. Wyrick*, 823 F.2d 218, 221 (8th Cir. 1987) (citing *Irby v. Sullivan*, 737 F.2d 1418, 1427-28 (5th Cir. 1984)). "Substantive rights created by the United States Constitution or by federal statutes may generally be asserted in a § 1983 action." *Foster*, 823 F.2d at 221. The Supreme Court has recognized two exceptions to the

---

[2] The complaint mistakenly numbers two different counts in the complaint as Count XII. The court will consider the second count numbered as Count XII (Failure to Instruct, Train, Supervise, Discipline, and Negligent Retention) as Count XIII.

2

application of § 1983 to statutory violations. *Id. (*citing *Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19, (1981)). First, § 1983 is not available as a remedy for violations of a statute unless the statute creates a right secured by the laws of the United States within the meaning of § 1983. *Foster*, 823 F.2d at 221 (citing *Middlesex*, 453 U.S. at 19). Second, § 1983 does not afford a remedy where the governing statute provides an exclusive remedy for violations of its terms. *Foster*, 823 F.2d at 221 (citing *Pennhurst State School and Hosp. v. Halderman,* 451 U.S. 1, 28 (1981); *Irby,* 737 F.2d at 428).

In *Foster*, the Eighth circuit noted that "Title VII provides a comprehensive remedial system for the enforcement of rights created by Title VII." *Foster*, 823 F.2d at 221. The court went on to hold that a Title VII disparate impact claim may not be asserted in a § 1983 action. *Id*. at 222. *Foster* relied on *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 378 (1979), in which the Supreme Court determined that § 1985(3), the conspiracy counterpart to § 1983, may not be invoked to allege a Title VII retaliatory discharge claim. The *Foster* court determined that that the same rationale which bars a § 1985 action based on a Title VII retaliatory discharge claim was applicable to a Title VII disparate impact claim. *Foster*, 823 F.2d at 221. This Court will not depart from this rationale. Therefore, Shelton's § 1983 claim that seeks to establish § 1983 liability on alleged Title VII violations is dismissed.

Count II also alleges § 1983 liability on the basis of an equal protection violation. Equal protection is a right guaranteed by the Fourteenth Amendment of the United States Constitution. As stated above, "[s]ubstantive rights created by the United States Constitution or by federal statutes may generally be asserted in a § 1983 action." *Foster*, 823 F.2d at 221. Therefore, Shelton's Count II claim of § 1983 liability on the basis of an equal protection violation survives.

3

In Counts VII, VIII, X, and XI, plaintiffs Bernsen and Hughes allege claims of wrongful discharge in violation of Missouri public policy. The public policy that Bernsen and Hughes rely on in Counts VII and X is Missouri's public policy which prohibits an at-will employee from being terminated for refusing to performing an illegal act or for refusing to act contrary to a strong public policy, in this case the strong public policy is the prohibition of race and gender discrimination as set forth in Title VII and the MHRA. In Counts VIII and XI, the public policy that Bernsen and Hughes rely on is Missouri's public policy which prohibits an at-will employee from being terminated for "whistleblowing," a policy which Plaintiffs also contend is set forth in Title VII and the MHRA. Bel Nor argues that Counts VII, VIII, X, and XI should be dismissed because they are preempted by Title VII and/or the MHRA.

With respect to the wrongful discharge claims that are based on the public policy set forth in Title VII, this District has previously held that "allowing [a] claim for wrongful discharge based on a violation of public policy evinced in [Title VII] would be duplicative and unwarranted." *Nichols v. American Nat. Ins. Co.*, 945 F.Supp 1242, 1246 (E.D. Mo. 1996). In *Nichols*, the court's decision rested on the principle that a statutory remedy preempts a public policy cause of action where the public policy, on which a plaintiff relies, is sufficiently served by a statutory remedy. *See Nichols*, 945 F.Supp at 1246; *Osborn v. Professional Serv. Industries, Inc.,* 872 F.Supp. 679, 681 (W.D. Mo. 1994) ("[I]f these [public] policies and goals are preserved by other remedies, then the public policy is sufficiently served." (internal citation omitted) (citing *Prewitt v. Factory Motor Parts, Inc.*, 747 F.Supp. 560, 565 (W.D. Mo. 1990))); *see also Gannon v. Sherwood Medical Co.*, 749 F.Supp. 979, 981 (E.D. Mo. 1990). Applying this principle, the *Nichols* court refused to allow a wrongful discharge claim based on the public policy set forth in Title VII. *Id*. This court finds the

4

rationale pronounced in *Nichols* persuasive on this point. Therefore, Counts VII, VIII, X, and XI are dismissed to the extent that the public policy relied on in those counts is the public policy set forth in Title VII.

With respect to the wrongful discharge claims that are based on public policy set forth in Missouri law, the Court first notes that "Missouri's discrimination safeguards under the MHRA, however, are not identical to the federal standards and can offer greater discrimination protection." *Daugherty v. City of Maryland Heights,* 231 S.W.3d 814, 818-19 (Mo. 2007) (citing *Brady v. Curators of Univ. of Mo.,* 213 S.W.3d 101, 112–13 (Mo. App. E.D. 2006)). Therefore, the Court is not bound to determine that the MHRA preempts a public policy claim based on the public policy set forth in Missouri law simply because it has been the position of this District that Title VII, the MHRA's federal counterpart, preempts claims based on the public policy set forth in Title VII.

In *Fleshner v. Pepose Vision Inst., P.C.*, 304 S.W.3d 81 (Mo. 2010), the Missouri Supreme Court adopted the public policies relied on by Bernsen and Hughes in Counts VII, VIII, X, and XI as exceptions to Missouri's at-will employment doctrine. The court stated:

> [T]his Court expressly adopts the following as the public-policy exception to the at-will employment doctrine: An at-will employee may not be terminated (1) for refusing to violate the law or any well-established and clear mandate of public policy as expressed in the constitution, statutes, regulations promulgated pursuant to statute, or rules created by a governmental body or (2) for reporting wrongdoing or violations of law to superiors or public authorities. *See Porter v. Reardon Mach. Co.,* 962 S.W.2d 932, 936–37 (Mo.App.1998); *see also Boyle,* 700 S.W.2d at 878. *If an employer terminates an employee for either reason, then the employee has a cause of action in tort for wrongful discharge based on the public-policy exception.*

*Fleshner*, 304 S.W.3d at 92 (emphasis added). The court went on to explain that the MHRA and the public policy exception which the court adopted each modify the Missouri's traditional at-will

5

employment doctrine and that wrongful termination claims can be brought under each. *Id*. at 94-95. The court therefore expressed a position that the public policy exception and the MHRA co-exist. Therefore, this Court finds that the MHRA does not preempt a wrongful discharge claim brought under the public policy as set forth in Missouri law. To the extent that Counts VII, VIII, X, and XI are based on the public policy set forth in Missouri law, they are not dismissed.

In Count XIII, all of the plaintiffs bring § 1983 claims against Bel Nor for failure to train, supervise, control, discipline, and negligent retention. Like Count II, Bel Nor argues that Count XIII should be dismissed to the extent that it relies on Title VII violations. For the reasons discussed in Count II, the Court agrees that Count XIII should be dismissed to the extent that it relies on alleged Title VII violations. *See* Count II discussion, *supra*.

### B. Motion for More Definite Statement

Bel Nor contends that Plaintiffs should be ordered to file a more definite statement of their claims pursuant to rule 12(e) of the Federal Rules of Civil Procedure. The Court disagrees. Rule 12(e) provides in pertinent part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

Fed. R. Civ. P. 12(e). A motion for a more definite statement is proper "when a party is unable to determine the issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable." *Tinder v. Lewis County Nursing Home Dist.,* 207 F.Supp.2d 951, 959 (E.D. Mo. 2001) (internal citation omitted). "However, due to liberal notice pleading and the availability of extensive discovery, motions for more definite statement are universally disfavored."

*Id.* "Rule 12(e) provides a remedy for unintelligible pleadings; it is not intended to correct a claimed lack of detail." *Resolution Trust Corp. v. Gershman,* 829 F.Supp. 1095, 1103 (E.D. Mo. 1993).

Here, although each count in the complaint combines several different claims against multiple defendants, the Court finds that the complaint is drafted in a manner that is sufficient for Bel Nor to form a response. The Court is completely aware of the nature and complexity of the claims presented in this case. However, Bel Nor's own motion to dismiss belies its argument that it is impossible for it to distinguish which of Plaintiffs' claims apply to each defendant and on what basis those claims apply. Bel Nor, in its motion to dismiss, was able to produce a detailed and comprehensive response to each of the claims in the complaint which Bel Nor sought to dismiss. The motion to dismiss even included a chart which provides a thorough breakdown of which plaintiff brought which claims and against which defendant. *See* Doc. 14 at 2-3. Therefore, it appears to the Court that the complaint is not so vague or ambiguous that Bel Nor cannot reasonably prepare a response. S*ee* Fed. R. Civ. P. 12(e). Bel Nor's Motion for a More Definite Statement is therefore denied.

**Conclusion**

Based on the above analysis, the Court finds that Bel Nor's Motion to Dismiss shall be granted in part and denied in part. In Count II, the Motion to Dismiss is granted as to the § 1983 claim that is based on alleged Title VII violations. As to the § 1983 claims in Count II that are based on equal protection violations, the Motion to Dismiss is denied. The Motion to Dismiss is granted as to the wrongful discharge claims in Counts VII, VIII, X, and XI that are based on the public policy set forth in Title VII. As to the wrongful discharge claims in Counts VII, VIII, X, and XI that are based on Missouri public policy, the Motion to Dismiss is denied. As to Count XIII, the Motion

to Dismiss is granted as to the § 1983 claims that are based on Title VII violations.  Bel Nor's Motion for a More Definite Statement is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Bel Nor's Motion to Dismiss is **GRANTED** in part and **DENIED** in part. **[Doc. 13]**.

**IT IS FURTHER ORDERED** that Bel Nor's Motion for a More Definite Statement is **DENIED**.

/s/ Nannette A. Baker<br>NANNETTE A. BAKER<br>UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of July, 2011.