IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FELICIA SHELTON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 10-CV-2146-NAB |
| ) | |
| VILLAGE OF BEL NOR, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT VILLAGE OF THE VILLAGE'S REPY TO PLAINTIFFS' MEMORANDUM IN PARTIAL OPPOSITION TO DEFENDANT VILLAGE OF BEL NOR'S MOTION FOR SUMMARY JUDGMENT AS TO THE SOVEREIGN IMMUNITY ISSUE**

Plaintiffs Felicia Shelton, John Bernsen and Bryan Hughes are former Village of Bel Nor Police Officers. Plaintiffs filed a thirteen (13) Count Complaint against the Village of Bel ("the Village") and individual Defendants Walt Nelson, Scott Ford and Richard Tate (collectively "Individual Defendants").

On March 2, 2012, the Village filed its Motion for Summary Judgment (doc. 85), arguing that the Village is entitled to Summary Judgment on Counts VII, VIII, X, and XI, of Plaintiffs Bernsen and Hughes' claims for wrongful discharge, on the grounds that it is entitled to sovereign immunity. On March 6, 2012, Plaintiffs filed their Memorandum in Partial Opposition to the Village's Motion for Summary Judgment on the Sovereign Immunity issue (doc. 88).

**ARGUMENT**

**I.  Defendant's Statement of Uncontroverted Materials Facts is deemed admitted due to Plaintiffs' failure to controvert them.**

Plaintiffs' Memorandum in Partial Opposition ("Opposition Memo") to the Village's Motion for Summary Judgment on Sovereign Immunity grounds is deficient because Plaintiffs

failed to controvert any of the facts in the Village's Statement of Uncontroverted Material Facts ("statement of facts") and failed to provide specific references to the record to support any facts asserted by Plaintiffs as required by Local Rule 7-4.01.  Local Rule 7-4.01(E) specifically provides that:

> "All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party."

(E*mphasis added).*

Plaintiffs have an affirmative burden to designate specific facts creating a triable controversy. *Acevedo v. City of Bridgeton*, 2007 U.S. Dist. LEXIS 22562 (E.D. Mo. 2007), citing *Crossley v. Georgia-Pacific Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004).  Local Rule 7-4.01(E) makes it clear that all facts not specifically controverted shall be deemed admitted. *AMCM, Inc. v. Phila. Indem. Ins. Co.*, 2012 U.S. Dist. LEXIS 127 (E.D. Mo. 2012).  Plaintiffs not only failed to submit a statement of material facts as to which facts they contend a genuine issue exists, but Plaintiffs also failed to controvert any of the facts in the Village's statement of facts.  As such, the Village's statement of facts concerning sovereign immunity should be deemed admitted. *Jones v. Bullard*, 2010 U.S. Dist. LEXIS 27377 (E.D. Mo. 2010); *see also Deichhmann v. Boeing Co.,* 36 F.Supp2d 1166, 1168 (E.D. Mo. 1999).  As a result, the Village is entitled to summary judgment on Counts VII, VIII, X, and XI.  *Deichhmann,* 36 F.Supp2d 1166.

**II.    The record establishes that the Village is entitled to Sovereign Immunity on Counts VII, VIII, X, and XI.**

In its Motion for Summary Judgment, the Village argued that a municipality has sovereign immunity from state common law claims for wrongful discharge unless that immunity has been waived. *Sexton v. City of Hannibal*, 2011 WL 2118608 at * 3 (E.D. Mo. 2011) (citation omitted).  The Village also argued that Counts VII, VIII, X and XI of Plaintiffs' Complaint are

2

barred by sovereign immunity because they are based on the termination of employment, a governmental function for which the Village has immunity. *See Kunzie v. City of Olivette*, 184 S.W.3d 570, 574 (Mo. banc 2006). Finally, the Village argued that exclusionary language similar to that found in the Village's insurance policy preserves the Village's sovereign immunity. *State ex rel. Cass Medical Center v. Mason*, 796 S.W.2d 621, 624 (Mo. banc 1990); *State ex rel. Board of Trustees v. Russell*, 843 S.W.2d 353, 360 (Mo. banc 1992).

Plaintiffs contend that the insurance policy produced in support of the Village's Motion for Summary Judgment does not support the Village's position because it was not the policy in effect at the time of the events alleged. *(**Plaintiffs' Opposition Memo, pg. 4-5**).* However, the MIRMA document originally produced in support of the Village's Motion for Summary Judgment was in fact the document in place and in effect from July 1, 2009 through June 30, 2010. *(**Exhibit GGG-1**).* Furthermore, Plaintiffs do not dispute, and the record shows, that the originally produced document was in place and in effect at all times relevant to the facts alleged in support of Plaintiffs' claims of wrongful discharge that occurred prior to June 30, 2010. *(**Exhibits HHH, HHH-1, JJ, RR, SS, TT, AAA, CCC, DDD**, and **EEE**).*

In any event, Plaintiffs Bernsen and Hughes were terminated on July 7, 2010 and July 12, 2010, respectively. *(**Exhibits SS, UU, VV, WW, XX, EEE & FFF**).* The Village has produced to Plaintiffs the MIRMA Protected Self Insurance Coverage Packet, which was in effect July 1, 2010 to June 30, 2011, and therefore in effect on the dates Plaintiffs Bernsen and Hughes' employment was terminated. *(**Exhibits HHH, HHH-1**).*

The language in the MIRMA documents in effect July 1, 2009 through June 30, 2010, and from July 1, 2010 through June 30, 2011 is identical:

> The coverage provided by this protected self insurance packet does not apply to any claim or lawsuit which is barred by the doctrines

3

>of sovereign immunity and/or official immunity although defense of such actions will be provided.  No provision of this condition of coverage, or the coverage packet in which it is included, will constitute a waiver of MIRMA's right or the right of any protected self insured to assert a defense based on the doctrines of sovereign immunity or official immunity.

*(Exhibit HHH-1)*.  The exclusionary language found in the MIRMA document effective July 1, 2010 through June 30, 2011 preserved the Village's sovereign immunity as a matter of law. *Mason*, 796 S.W.2d at 624; *Russell*, 843 S.W.2d at 360.

In their Opposition Memo, Plaintiffs essentially concede that production of the MIRMA document in effect when Plaintiffs Bernsen and Hughes were terminated would likely resolve the sovereign immunity issue.  The Village has now produced said policy to Plaintiffs, which was clearly in effect at the time Plaintiffs Bernsen and Hughes' employment was terminated.  Therefore, the Village has preserved its sovereign immunity with respect to Counts VII, VIII, X, and XI of Plaintiffs' Complaint, and is entitled to summary judgment.

**III.    The Village's Reply includes a supplemental Affidavit.**

Plaintiffs also allege that the affidavit of Andrew J. Martone is insufficient to authenticate the insurance policy of The Village.  *(Plaintiffs' Response, pg. 2, 3).*  While The Village does not concede that the affidavit of Andrew J. Martone does not comply with the requirements of Fed.R.Civ.P 56(c)(4), The Village has nonetheless obtained an affidavit from the Village Chairman Kevin E. Buchek regarding the authenticity of the Village's insurance documents produced in support of its Motion for Summary Judgment.  *(Exhibit HHH, Affidavit of Kevin E. Buchek)*.  Chairman Buchek has been the Chairman of The Village since April 2005 and has personal knowledge of the contents and implementation of the Missouri Intergovernmental Risk Management Association's ("MIMRA") protected self insurance coverage packet and is

4

competent to testify on matters asserted in his affidavit.[1]  This affidavit resolves any issue with regard to foundation.

## CONCLUSION

For the reasons set forth herein, Defendant the Village's Motion for Summary Judgment on the issue of sovereign immunity should be granted.

Respectfully submitted,

HESSE MARTONE, P.C

By: /s/ Andrew J. Martone
Andrew J. Martone, #37382MO
Caryl L. Flannery, #55617MO
William J. Clark, IV, #40134MO
1650 Des Peres Road, Suite 200
St. Louis, MO  63131
(314) 862-0300 – Telephone
(314) 862-7010 – Facsimile
andymartone@hessemartone.com
carylflannery@hessemartone.com
billclark@hessemartone.com
*Attorneys for Defendants*

---

[1] The Village notes that at the end of Plaintiffs' Response, Plaintiffs point out that the doctrine of sovereign immunity would not apply to the individual defendants in their individual capacities.  ***(Plaintiffs' Response, pg. 5).*** The Village further notes that not only did it not raise this issue in its Motion for Summary Judgment, but also that the Court already addressed this issue in its July 28, 2010 Order (doc. 36).

5

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was filed electronically with the United States District Court for the Eastern District of Missouri on this 13th day of March, 2012, with notice of case activity generated and sent electronically to:

C. John Pleban
Talmage E. Newton, IV
Pleban & Petruska Law, LLC
2010 S. Big Bend Blvd.
St. Louis, MO  63117
cpleban@plebanlaw.com
tnetwton@plebanlaw.com

*Attorneys for Plaintiff*

                                        /s/ Andrew J. Martone